1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  PAUL C. BOLIN, E88100,   Case No. 18-cv-03619-CRB  (PR)
8            Petitioner,
                           **ORDER DISMISSING PETITION
9        v.                 AND CLOSING CASE**
10 RONALD DAVIS, Warden,
11           Respondent.
12
13    Petitioner, a state prisoner at San Quentin State Prison's (SQSP) death row, has filed a pro
14 se second or successive petition for a writ of habeas corpus challenging his 1991 conviction and
15 death sentence from Kern County Superior Court.  His first petition was denied on the merits by
16 the United States District Court for the Eastern District of California on June 9, 2016.  See Bolin
17 v. Davis, No. 1:99-cv-05279-LJO-SAB (E.D. Cal. June 9, 2016) (ECF Nos. 350 & 351).
18    Petitioner asserts that the instant petition is brought "pursuant to [the] doctrine of
19 acquiescence" and "not [under] 28 U.S.C. § 2254," ECF No. 1 at 3, because he does not want to
20 be subjected to the requirements applicable to § 2254 actions, such as an order from the Ninth
21 Circuit authorizing the district court to consider a second or successive petition, see 28 U.S.C. §
22 2244(b)(3)(A).
23    Unfortunately for petitioner, it is well established that "§ 2254 is the exclusive avenue for a
24 state court prisoner to challenge the constitutionality of his detention." White v. Lambert, 370 F.3d
25 1002, 1007 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546,
26 553-54 (9th Cir. 2010) (en banc).  When a state "'prisoner begins in the district court, § 2254 and
27 all associated statutory requirements apply no matter what [] label the prisoner has given the
28 case.'" Id. (quoting Walker v. O'Brien, 216 F.3d 626, 723 (7th Cir. 2000)).

The court will not construe the instant petition as an action under § 2254 because petitioner makes clear that he is not bringing this action under § 2254. But because petitioner's exclusive avenue for challenging his state court conviction and death sentence is an action under § 2254, and petitioner already has sought and been denied relief under § 2254 in the Eastern District of California, the instant petition is DISMISSED without prejudice to his seeking an order from the Ninth Circuit authorizing the United States District Court for the Eastern District of California to consider a second or successive petition under § 2254.

The clerk is instructed to close the case and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: June 28, 2018

_____
CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C BOLIN,<br><br>   Plaintiff,<br><br>  v.<br><br>RONALD DAVIS,<br><br>   Defendant. | Case No. 3:18-cv-03619-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 28, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul C Bolin ID: E-88100
SQSP
San Quentin State Prison
San Quentin, CA 94974

Dated: June 28, 2018

              Susan Y. Soong
              Clerk, United States District Court

              By: /s/ L. Scott
              Lashanda Scott, Deputy Clerk to the
              Honorable CHARLES R. BREYER